IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

PATRICK PIDOCK,

                                 **CASE NO. 2:15-cv-2594**

      **Petitioner,**                  **JUDGE GREGORY L. FROST**

                                   **Magistrate Judge Kemp**

      **v.**

WARDEN, CHILLICOTHE
CORRECTIONAL INSTITUTION,

      **Respondent.**

<u>**OPINION AND ORDER**</u>

Petitioner, a state prisoner, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254.  This matter is before the Court on the petition (ECF No. 1) and the return of writ (ECF No. 8).  Petitioner did not himself file a traverse, but another inmate, Robert Hillman, sought leave to file a traverse on Petitioner's behalf.  Respondent opposed that motion, and, because Respondent correctly notes that Mr. Hillman has no standing to file documents on behalf of another inmate or to act as a "next friend" in litigation, the motion to do so (ECF No. 11) is **DENIED.** However, because Petitioner himself signed the traverse attached to ECF No. 11, the Court will consider the arguments he makes there.  For the reasons that follow, the petition for a writ of habeas corpus will be **DENIED** and this case will be **DISMISSED**.

### I.  Procedural History

On November 16, 2012, the Perry County, Ohio grand jury returned a five-count indictment charging Petitioner with felonious assault and murder.  (ECF No. 8-1, PageID# 77.) The indictment described offenses which occurred on October 14, 2012, in New Lexington, Ohio, involving a victim named Suzanne M. Brown.

Petitioner initially pleaded not guilty and not guilty by reason of insanity, but that latter plea was subsequently withdrawn.  He then entered a guilty plea to one count of murder with a firearm specification.  (PageID# 88.)  The remaining counts were dismissed.  On July 12, 2013, the trial court sentenced Petitioner to a term of imprisonment of fifteen years to life on the murder charge, and a three-year consecutive sentence on the firearm specification.   A term of post-release control and a fine were also imposed.  (PageID# 92.)

Petitioner did not immediately appeal.  However, on December 30, 32013, Petitioner, acting *pro se*, filed a motion for leave to take a delayed appeal.  (PageID# 96.)  He attempted to present two issues for appeal, both relating to the fact that the fine and court costs were imposed without a hearing and without any determination of his ability to pay them.  In an order filed on January 22, 2014, the Fifth District Court of Appeals denied the motion because Petitioner had not demonstrated good cause for the delay.  (PageID# 115.)  Petitioner did not further appeal that matter.

On May 30, 2014, Petitioner, still acting *pro se*, filed a motion for leave to withdraw his guilty plea.  He argued that his plea was not knowing, intelligent, or voluntary, and that he was influenced by advice of counsel who, he claimed, were laboring under a conflict of interest. (PageID# 117.)  The trial court denied the motion on June 27, 2014.  (PageID# 126.)  Petitioner timely appealed that decision, raising one procedural and two substantive issues in his appellate brief.  In the substantive assignments of error, he claimed that the trial court erred by not holding a competency hearing prior to accepting his guilty plea and that he had established manifest injustice sufficient to warrant setting aside the plea.  However, his appellate brief was late, and the state court of appeals dismissed the appeal for want of prosecution three days after that brief was filed, noting that no appellant's brief had been filed.  (PageID# 146.)  The Supreme Court of Ohio subsequently declined to accept jurisdiction over Petitioner's appeal of that order.  (PageID# 183.)

On July 9, 2015, Petitioner filed this action.  In his habeas corpus petition, he raises two grounds for relief, which he has stated as follows:

**Ground one:** The trial court abused its discretion in not allowing Petitioner to withdraw his guilty plea without holding a competency hearing.

**Ground two:** Ineffective assistance of trial counsel for withdrawing Petitioner's not guilty plea without consent, and not demanding a competency evaluation be held before considering to do so.

Respondent asserts that ground one does not raise a federal constitutional claim and that Petitioner has procedurally defaulted this claim.  Respondent further argues that Petitioner has procedurally defaulted ground two and Petitioner waived such claim by his guilty plea.

## II.  Procedural Default

Congress has provided that state prisoners who are in custody in violation of the Constitution or laws or treaties of the United States may apply to the federal courts for a writ of habeas corpus. 28 U.S.C. §2254(a). In recognition of the equal obligation of the state courts to protect the constitutional rights of criminal defendants, and in order to prevent needless friction between the state and federal courts, a state criminal defendant with federal constitutional claims is required to present those claims to the state courts for consideration. 28 U.S.C. §2254(b), (c).  If he fails to do so, but still has an avenue open to him by which he may present his claims, then his petition is subject to dismissal for failure to exhaust state remedies. *Id.; Anderson v. Harless*, 459 U.S. 4, 6, 103 (1982 (*per curiam*) (citing *Picard v. Connor*, 404 U.S. 270, 275−78 (1971)). Where a petitioner has failed to exhaust his claims but would find those claims barred if later presented to the state courts, "there is a procedural default for purposes of federal habeas...." *Coleman v. Thompson*, 501 U.S. 722, 735 n. 1 (1991).

The term "procedural default" has come to describe the situation where a person convicted of a crime in a state court fails (for whatever reason) to present a particular claim to the highest court of the State so that the State has a fair chance to correct any errors made in the course of the trial or the appeal before a federal court intervenes in the state criminal process. This "requires the petitioner to present 'the same claim under the same theory' to the state courts before raising it on federal habeas review." *Hicks v. Straub*, 377 F.3d 538, 552–53 (6th Cir. 2004) (quoting *Pillette v. Foltz*, 824 F.2d 494, 497 (6th Cir. 1987)). One of the aspects of "fairly presenting" a claim to the state courts is that a habeas petitioner must do so in a way that gives the state courts a fair opportunity to rule on the federal law claims being asserted. That means that if the claims are not presented to the state courts in the way in which state law requires, and the state courts therefore do not decide the claims on their merits, neither may a federal court do so. In the words used by the Supreme Court in *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977), "contentions of federal law which were not resolved on the merits in the state proceeding due to respondent's failure to raise them there as required by state procedure" also cannot be resolved on their merits in a federal habeas case-that is, they are "procedurally defaulted."

In the Sixth Circuit, a four-part analysis must be undertaken when the state argues that a federal habeas claim is waived by the petitioner's failure to observe a state procedural rule. *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986). "First, the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule." *Id.* Second, the Court must determine whether the state courts actually enforced the state procedural sanction. *Id.* Third, it must be decided whether the state procedural forfeiture is an adequate and independent state ground upon which the state can rely to foreclose review of a federal constitutional claim. *Id.* Finally, if the Court has determined that a state procedural rule was not

4

complied with, and that the rule was an adequate and independent state ground, then the petitioner must demonstrate that there was cause for him not to follow the procedural rule, and that he was actually prejudiced by the alleged constitutional error. *Id.* This "cause and prejudice" analysis applies to failures to raise or preserve issues for review at the appellate level. *Leroy v. Marshall*, 757 F.2d 94 (6th Cir. 1985).

Turning to the fourth part of the *Maupin* analysis, in order to establish cause, petitioner must show that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). Constitutionally ineffective counsel may constitute cause to excuse a procedural default. *Edwards v. Carpenter*, 529 U.S. 446, 453 (2000). In order to constitute cause, an ineffective assistance of counsel claim generally must " 'be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default.' " *Edwards,* 529 U.S. at 452 (quoting *Murray v. Carrier*, 477 U.S. 478, 479 (1986)). That is because, before counsel's ineffectiveness will constitute cause, "that ineffectiveness must itself amount to a violation of the Sixth Amendment, and therefore must be both exhausted and not procedurally defaulted." *Burroughs v. Makowski*, 411 F.3d 665, 668 (6th Cir. 2005). Or, if procedurally defaulted, petitioner must be able to "satisfy the 'cause and prejudice' standard with respect to the ineffective-assistance claim itself." *Edwards v. Carpenter*, 529 U.S. 446, 450–51 (2000). The Supreme Court explained the importance of this requirement:

> We recognized the inseparability of the exhaustion rule and the procedural-default doctrine in *Coleman*: "In the absence of the independent and adequate state ground doctrine in federal habeas, habeas petitioners would be able to avoid the exhaustion requirement by defaulting their federal claims in state court. The independent and adequate state ground doctrine ensures that the States' interest in correcting their own mistakes is respected in all federal habeas cases." 501 U.S., at 732, 111 S.Ct. 2546, 115 L.Ed.2d 640. We again considered the interplay between exhaustion and procedural default last Term in *O'Sullivan v. Boerckel*, 526 U.S. 838, 119 S.Ct. 1728,

144 L.Ed.2d 1 (1999), concluding that the latter doctrine was necessary to " 'protect the integrity' of the federal exhaustion rule." *Id.*, at 848, 526 U.S. 838, 119 S.Ct. 1728, 144 L.Ed.2d 1 (quoting id., at 853, 526 U.S. 838, 119 S.Ct. 1728, 144 L.Ed.2d 1 (STEVENS, J., dissenting)). The purposes of the exhaustion requirement, we said, would be utterly defeated if the prisoner were able to obtain federal habeas review simply by " 'letting the time run' " so that state remedies were no longer available. *Id.*, at 848, 526 U.S. 838, 119 S.Ct. 1728, 144 L.Ed.2d 1. Those purposes would be no less frustrated were we to allow federal review to a prisoner who had presented his claim to the state court, but in such a manner that the state court could not, consistent with its own procedural rules, have entertained it. In such circumstances, though the prisoner would have "concededly exhausted his state remedies," it could hardly be said that, as comity and federalism require, the State had been given a "fair 'opportunity to pass upon [his claims].' " *Id.*, at 854, 526 U.S. 838, 119 S.Ct. 1728, 144 L.Ed.2d 1 (STEVENS, J., dissenting) (emphasis added) (quoting *Darr v. Burford*, 339 U.S. 200, 204, 70 S.Ct. 587, 94 L.Ed. 761 (1950)).

*Edwards*, 529 U.S. at 452–53.

If, after considering all four factors of the *Maupin* test, the court concludes that a procedural default occurred, it must not consider the procedurally defaulted claim on the merits unless "review is needed to prevent a fundamental miscarriage of justice, such as when the petitioner submits new evidence showing that a constitutional violation has probably resulted in a conviction of one who is actually innocent." *Hodges v. Colson*, 727 F.3d 517, 530 (6th Cir. 2013) (citing *Murray v. Carrier*, 477 U.S. 478, 495–96 (1986)).

First, in Ohio, a convicted defendant must raise, on direct appeal, any claim which appears on the face of the record or face dismissal of that claim in any subsequent proceeding on grounds of *res judicata*. As the Court of Appeals observed in *Williams v. Bagley*, 380 F.3d 932, 967 (6th Cir. 2004), "Ohio's doctrine of *res judicata* ... provides in relevant part that a final judgment of conviction bars a convicted defendant from raising in any proceeding, except an appeal from that judgment, any issue that was raised, or could have been raised, at trial or on appeal from that

judgment." The federal courts have consistently recognized that, under decisions like *State v. Perry*, 10 Ohio St.2d 175 (1967), this rule is consistently applied in the Ohio courts and serves as an adequate and independent ground for a state decision denying a claim on *res judicata* grounds. *Williams v. Bagley, supra; see also Hyde v. Warden, Pickaway Correctional Institution*, No. 2:14-cv-02725, 2016 WL 1594596, *4 (S.D. Ohio April 21, 2016)(Frost, J.)("Ohio's doctrine of *res judicata* is adequate and independent under the third part of the *Maupin* test"). Here, Petitioner did not raise any of the claims which he has asserted in his petition in his direct appeal (which itself was defaulted because it was not timely filed). Consequently, any claim he has raised here which was apparent from the face of the record was clearly defaulted.

Although the petition appears to set forth two separate grounds for relief, they are closely related. Looking at them in reverse order, Petitioner claims that he received ineffective assistance of counsel, who never requested a competency hearing, and for that reason he should have been allowed to withdraw his guilty plea. To the extent that his first claim for relief, considered in isolation, asks this Court to set aside the state trial court's decision as an abuse of discretion, Respondent correctly points out that this is a claim based on state law and is not cognizable in federal habeas corpus. *See, e.g., Sinistaj v. Burt*, 66 F.3d 804, 808 (6th Cir. 1995) ("we can conceive of no situation in which a federal judicial determination on habeas collateral review that a state court, as a matter of general law, abused its discretion in denying the withdrawal motion is *therefore* a violation of the federal Constitution"). Also, to the extent that the claim turns on the state trial court's failure to conduct a competency hearing before accepting Petitioner's guilty plea, particularly given the fact that Petitioner had at one point entered a plea of not guilty by reason of insanity, all of those facts are evident on the face of the record, and any claim based solely on those facts was defaulted along with Petitioner's direct appeal. But if the two claims are interdependent

and rely on an assertion of ineffective assistance of counsel, the outcome could conceivably be different, since some ineffective assistance of counsel claims are not waived even if they are not included in a direct appeal.

In this case, the state trial court, in its judgment entry denying Petitioner's motion for leave to withdraw his guilty plea, found that the claim of ineffective assistance of counsel was barred by *res judicata* due to Petitioner's failure to raise it on direct appeal. (ECF No. 8-1, PageID# 127.) That is correct to the extent that the claim relied only on evidence which appeared on the face of the record. *See State v. Cole*, 2 Ohio St. 3d 112, 113-14 (1982)(finding that claims of ineffective assistance of counsel which "could fairly be determined without examining evidence outside the record" had to be raised on direct appeal and not in a post-conviction petition); *see also Fautenberry v. Mitchell*, 515 F.3d 614, 633 (6th Cir. 2008)(concluding that the rule announced in *State v. Cole* "is an actually enforced, adequate and independent state ground upon which the Ohio state courts consistently refuse to review the merits of a defendant's claims"). Petitioner did not, in his motion for leave to withdraw his plea, submit any new evidence, but he did state in that motion - the contents of which he verified - that trial counsel did not advise him that he had a viable insanity defense and that there was no tactical reason for the withdrawal of that defense, which, if it had been allowed to persist, would have resulted in a competency examination. Construing those statements generously in Petitioner's favor, he may have presented some evidence not in the record to support his claim of ineffective assistance of trial counsel, and there may therefore be some question about whether the state trial court applied the doctrine of *res judicata* in the way it is ordinarily applied by the Ohio courts.

Even if this claim were not defaulted by reason of Petitioner's failure to raise it on direct appeal, however, Petitioner also did not receive a merits decision on his appeal of the ruling denying

his motion for leave to withdraw his guilty plea because he did not file his appellate brief on time. Under the Ohio Rules of Appellate procedure, that brief was due within thirty days of the filing of the notice of appeal.  Rule 11(B) requires the clerk to give parties notice of when the record has been filed, and Rule 18(A) mandates an appellant to file a brief within twenty days thereafter.  There is no question that Petitioner did not meet this time limit.  Appellate Rule 18(C) allows the court of appeals to dismiss an appeal "[i]f an appellant fails to file the appellant's brief within the time provide by this rule...."  Petitioner's appeal was dismissed on that basis.  Although the state court of appeals appears not to have realized that Petitioner did file a brief three days before the order of dismissal was docketed, because that brief was untimely and Petitioner offered no reason for its lateness and did not request an extension of time to file, the record adequately supports the court of appeals' decision.  This Court has previously concluded that such a dismissal is an adequate and independent ground supporting the state court's decision and satisfies the *Maupin* test. *See Stojetz v. Ishee*, 389 F.Supp.2d 858, 958 (S.D. Ohio 2005).  Thus, Petitioner's ineffective assistance of counsel claim, even if it was not barred by *res judicata* when he raised it in his motion for leave to withdraw his guilty plea, was procedurally defaulted through Petitioner's failure properly to perfect his appeal of the denial of that motion.

The state trial court made an alternate ruling on the merits, concluding that Petitioner could not demonstrate ineffective assistance of counsel with respect to the advice counsel provided prior to the guilty plea since Petitioner acknowledged, during the plea colloquy, that he was pleading guilty with a full understanding of the charges and the penalties and that he was satisfied with his counsel. Given the fact that Petitioner presented the state court with no evidence showing that he had a viable insanity defense or that he was not, in fact, competent to enter a guilty plea, that was not an

unreasonable conclusion.  That is fatal to the merits of this claim even if it had not been procedurally defaulted.  *See* 28 U.S.C. § 2254(d), which provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Petitioner has simply made no such showing.  Further, he has not offered any viable excuse for his failure to comply with Ohio's procedural requirements, nor has he contended that he is actually innocent of the crime to which he pleaded guilty.  Given all of these circumstances, he is not entitled to relief in this Court.

### III.  Order

For all of the reasons stated above, the petition for a writ of habeas corpus is **DENIED** and this action is **DISMISSED.**

**IT IS SO ORDERED.**

/s/  GREGORY L. FROST
GREGORY L. FROST
United States District Judge