**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**PATRICK PIDOCK,**

        **Petitioner,**

        **v.**

**WARDEN, CHILLICOTHE
CORRECTIONAL INSTITUTION,**

        **Respondent.**

**CASE NO. 2:15-CV-2594
JUDGE GEORGE C. SMITH
MAGISTRATE JUDGE KEMP**

## OPINION AND ORDER

On April 25, 2016, *Judgment* was entered dismissing the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 17). This matter is before the Court on Petitioner's May 2, 2016, "Objection," which has been docketed as a *Motion for Reconsideration* of the final judgment of dismissal. (ECF No. 18). For the reasons that follow, Petitioner's *Motion for Reconsideration* (ECF No. 18), is **DENIED.**

This case involves Petitioner's conviction pursuant to his guilty plea on murder with a firearm specification in the Perry County Court of Common Pleas. On July 12, 2013, the trial court imposed a sentence of fifteen years to life, with three additional years on the firearm specification. Petitioner did not timely appeal. He filed a *pro se* motion for a delayed appeal, which was denied for failure to establish good cause for the untimely filing. He also filed a *pro se* motion for leave to withdraw his guilty plea. The trial court denied the motion, and Petitioner timely appealed. He asserted that the trial court erred by not holding a competency hearing prior to accepting his guilty plea and that he had established a manifest miscarriage of justice.

The state appellate court dismissed the appeal because Petitioner failed to file a timely appellate brief. The Ohio Supreme Court subsequently declined jurisdiction of the appeal.

In this habeas corpus petition, Petitioner asserts that the trial court abused its discretion by refusing to permit him to withdraw his guilty plea without holding a competency hearing (claim one); and that he was denied the effective assistance of counsel because his attorney withdrew his guilty plea without a competency hearing. This Court dismissed these claims as procedurally defaulted and without merit.

Petitioner, however, contends that the Court erred in dismissing his claims as procedurally defaulted. Petitioner asserts, as cause for his procedural default, his status as a *pro se* prison inmate and states that he is mentally incompetent and educationally challenged, with only a third grade education. Petitioner argues that, because he had entered a plea of not guilty by reason of insanity, the trial court was required to conduct a competency hearing prior to acceptance of his guilty plea, and the failure to do so constitutes a manifest miscarriage of justice. Petitioner states that his appointed attorney withdrew after the filing of a timely appeal, and he " was lost, as to what to do next." (PageID# 230-31).[1] Petitioner also argues that the state courts misapplied the doctrine of *res judicata* to bar consideration of his claims because his sentence was void based on fraud in the acceptance of his guilty plea without a competency hearing.

Petitioner has procedurally defaulted his claims by failing to raise them in a timely appeal, and failing to timely file an appellate brief in his appeal of the trial court's decision denying his motion to withdraw guilty plea. Thus, the record does not reflect that the state courts' misapplication of Ohio's doctrine of *res judicata* bars consideration of his claims in these

---

[1] The record reflects that Petitioner did not file a timely appeal and that he filed a *pro se* motion for delayed appeal.

2

proceedings, and Petitioner simply cannot obtain federal habeas corpus review of his claim that his sentence is void where that claim has not been presented to the state courts. 28 U.S.C. 2254(b), (c). He may, however, still secure review of his procedurally defaulted claims on the merits, by establishing cause for his failure to follow the state procedural rules, as well as actual prejudice from the constitutional violations that he alleges.

> "'[C]ause' under the cause and prejudice test must be something external to the petitioner, something that cannot fairly be attributed to him[;] ... some objective factor external to the defense [that] impeded ... efforts to comply with the State's procedural rule." *Coleman v. Thompson,* 501 U.S. 722, 753, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991).

*Maples v. Stegall,* 340 F.3d 433, 438 (6th Cir. 2003). The constitutionally ineffective assistance of counsel may constitute cause for a procedural default, so long as such claim has been presented to the state courts and is not, itself, procedurally defaulted. *Edwards v. Carpenter*, 529 U.S. 446, 451-52 (2000) (citing *Murray v. Carrier*, 477 U.S. 478, 488–89 (1986)). Petitioner has never presented to the state courts any claim regarding the alleged ineffective assistance of or denial of appellate counsel. Such claim, therefore, cannot constitute cause for his procedural default. Further, a prisoner's *pro se* status, ignorance of the law and procedural requirements for the filing of an appeal, and limited access to the prison's law library do not constitute cause for a procedural default. *Bonilla v. Hurley*, 370 F.3d 494, 498 (6th Cir. 2004)(citing *Hannah v. Conley*, 49 F.3d 1193, 1197 (6th Cir. 1995)). Nothing in the record supports Petitioner's allegation that his incompetence or mental health issues prevented him from complying with state procedural rules. To the contrary, as noted by the state trial court, through counsel, on March 22, 2013, the trial court granted Petitioner's motion to withdraw his plea of not guilty by reason of insanity, and defense counsel did not thereafter raise the issue of Petitioner's competency to stand trial. *Judgment Entry* (ECF No. 8-1, PageID# 165). Moreover, the state

trial court specifically found that Petitioner voluntarily, knowledgeably and intelligently entered his guilty plea, "with full awareness of the consequences, and after ample opportunity for consultation with counsel" and that Petitioner "indicated that he understood the penalty for the crime for which he indicated his desire to plead guilty." *Termination Judgment Entry* (ECF No. 8-1, PageID# 126-27). Petitioner signed a written *Plea of Guilty* indicating that he understood the penalty he faced, the rights he was waiving by entry of his guilty plea, that by pleading guilty he was admitting his guilt to the offense charged, and that he did so voluntarily. (ECF No. 8-1, PageID# 90-91). Petitioner also indicated that he understood his right to appeal and that the appeal must be filed within thirty days of his sentence. (PageID# 91). Petitioner additionally was able to pursue various *pro se* filings in the state courts. He never alleged, in his motion for delayed appeal, that the delay in filing his appeal was the result of his mental health status or incompetence. Moreover, even if Petitioner were able to establish cause for his procedural default, he has failed to establish prejudice, as the record does not reflect that he has presented meritorious claims for relief.

Therefore, Petitioner's *Motion for Reconsideration* (ECF No. 18), is **DENIED.**

    **IT IS SO ORDERED**.

    *\s\ George C. Smith*
    **GEORGE C. SMITH, JUDGE**
    **UNITED STATES DISTRICT COURT**