**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**PATRICK PIDOCK,**

       **Petitioner,**

       **v.**

**WARDEN, CHILLICOTHE
CORRECTIONAL INSTITUTION,**

       **Respondent.**

**CASE NO. 2:15-CV-2594
JUDGE GEORGE C. SMITH
MAGISTRATE JUDGE KEMP**

## OPINION AND ORDER

On May 16, 2016, the Court issued an *Opinion and Order* denying Petitioner's *Motion for Reconsideration* of the final judgment of dismissal of the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 20). Petitioner has filed a *Notice of Appeal* (ECF No. 21), which the Court construes as a request for a certificate of appealability. For the reasons that follow, Petitioner's request for a certificate of appealability (ECF No. 21) is **DENIED.**

"In contrast to an ordinary civil litigant, a state prisoner who seeks a writ of habeas corpus in federal court holds no automatic right to appeal from an adverse decision by a district court." *Jordan v. Fisher*, -- U.S. --. --, 135 S.Ct. 2647, 2650 (2015); 28 U.S.C. § 2253(c)(1)(requiring a habeas petitioner to obtain a certificate of appealability in order to appeal.) The petitioner must establish the substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). This standard is a codification of *Barefoot v. Estelle*, 463 U.S. 880 (1983). *Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (recognizing codification of *Barefoot* in 28 U.S.C. § 2253(c)(2)). To make a substantial showing of the denial of a constitutional right, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree

that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack,* 529 U.S. at 484 (quoting *Barefoot*, 463 U.S., at 893 n. 4).

Where the Court dismisses a claim on procedural grounds, however, a certificate of appealability "should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*. Thus, there are two components to determining whether a certificate of appealability should issue when a claim is dismissed on procedural grounds: "one directed at the underlying constitutional claims and one directed at the district court's procedural holding." *Id*. at 485. The court may first "resolve the issue whose answer is more apparent from the record and arguments." *Id*.

The Court dismissed Petitioner's § 2254 petition as procedurally defaulted and without merit. Petitioner requested reconsideration of that dismissal, arguing that the state courts misapplied the doctrine of *res judicata* to bar consideration of his claims, and that he had established cause for his procedural default and a manifest miscarriage of justice. However, the state courts' application of *res judicata* did not constitute the basis for Petitioner's procedural default. Further, the record entirely fails to support Petitioner's allegation that his mental incompetence or any other factor external to the defense prevented his compliance with state procedural rules so as to constitute cause for his procedural default. Moreover, even if it did, the record fails to establish that his claims are meritorious such that he can establish prejudice.

2

Under these circumstances, the Court is not persuaded that reasonable jurists would debate whether the Court properly denied Petitioner's *Motion for Reconsideration*. Petitioner's request for a certificate of appealability (ECF No. 21) therefore is **DENIED.**

**IT IS SO ORDERED.**

                                                    *\s\ George C. Smith*
                                                **GEORGE C. SMITH, JUDGE**
                                                **UNITED STATES DISTRICT COURT**